UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UGX Brands, LLC et al.,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>The City of Norfolk et al.,<br><br>                              Defendants. | 24 Civ. 5839 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiffs UGX Brands, LLC and Trap Karaoke LLC (collectively, "Plaintiffs") bring this

action against Defendants The City of Norfolk d/b/a Seven Venues, Global Music Touring, LLC,

Antonio Dowe, and Terrence Thornton p/k/a Pusha T (collectively, "Defendants") for trademark

infringement under Section 1114 of the Lanham Act, for false designation of origin under

Section 1125(a) of the Lanham Act, and for common law trademark infringement and unfair

competition under New York common law.  *See* ECF No. 1.  Before the Court is Defendants's

Motion to Seal an exhibit submitted in connection with Defendants's Motion to Dismiss the

Amended Complaint.  *See* Defs.' Mot. to Seal, ECF No. 44.  For the reasons set forth below,

Defendants's Motion to Seal is **DENIED**.

**DISCUSSION**

The Court assumes the parties' familiarity with the facts alleged in the Complaint.  *See*

ECF No. 1.  Defendants seek to seal an exhibit attached to the Declaration of Antonio Dowe in

support of Defendants's Motion to Dismiss the Amended Complaint: Exhibit D, which consists

of an agreement between We Cousinz, LLC and DJ Envy LLC for Raashaun Casey p/k/a DJ

Envy (the "Agreement").  *See* Defs.' Mot. to Seal at 1.  Defendants wish to file Exhibit D under

seal "because it contains competitively sensitive business information of DJ Envy, a non-party to

this lawsuit, and because the Agreement requires that its terms be maintained as confidential." *Id.* Plaintiffs consent to Defendants's request. *Id.*

In assessing whether sealing is appropriate, the Court considers (1) whether the documents at issue are "judicial documents;" (2) if so, the weight of the presumption of public access attaching to any such document; and (3) whether any countervailing factors outweigh the right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, documents submitted in support of a motion to dismiss are undoubtedly judicial documents "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Second, because the documents were submitted in connection with a motion to dismiss, the presumption of public access here is strong. *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022) (describing "strong presumption" of access to "materials filed in connection with dispositive motions"). Third, the Court asks whether that strong presumption is overcome by higher values. *See Lugosch*, 435 F.3d at 124. Here, the Court's decision turns on this third factor.

Defendants argue disclosure of Exhibit D "would harm the parties to the Agreement because it would permit competitors to exploit competitively sensitive information concerning fees and confidential deal terms for performing artists" and because it "contains competitively sensitive business information concerning the performance fees for DJ Envy, a prominent DJ, radio host and musical artist." Defs.' Mot. to Seal at 1-2. Defendants also seek to seal Exhibit D because the Agreement "contains a confidentiality provision that requires the Agreement, its terms and any documents or communications exchanged in connection with the Agreement [to] be maintained as confidential." *Id.* at 1. Defendants cite several cases in this District holding that the interest in the confidentiality of proprietary business information and the interest in the risk of competitive harm outweigh the right of public access to judicial documents. *See id.* at 2.

2

However, the courts in those cases only permitted the redaction of specific pieces of information, not the sealing of entire documents. *See SEC v. Telegram Grp.*, No. 19 Civ. 9439, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) (granting in part and denying in part specific redactions); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (granting in part and denying in part redactions consisting of "names and addresses of third parties; specific figures relating to profit margins, costs, revenues, pricing, and number of placements of products; and specific contract provisions addressing exclusivity arrangements, profit sharing details, pricing of contracts with retailers or CPGs, payment terms, and retailer commissions"); *Theallet v. H&M Hennes & Mauritz, L.P.*, No. 20 Civ. 2212, 2020 WL 4194898, at *1 (S.D.N.Y. July 20, 2020) (granting Defendants' motion to seal "one specific aspect" of a hearing transcript).

Next, Defendants argue that because "the Agreement implicates the privacy interests of DJ Envy and We Cousinz, neither of whom are parties to this action" and the "privacy interests of non-parties are afforded significant weight," Exhibit D should be sealed. Defs.' Mot. to Seal at 2. Indeed, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" as "all the parties who may be harmed by disclosure are typically not before the court." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). In support of their argument, Defendants cite a case in this District granting motions to seal exhibits where the court found "the privacy interests of non-parties outweigh[ed] the right of public access." *Fairstein v. Netflix, Inc.*, No. 20 Civ. 8042, 2023 WL 6164293, at *2 (S.D.N.Y. Sept. 21, 2023). In that case, the court primarily granted the motions to seal based on the privacy interests of non-parties only when specific pieces of information were redacted. *See id.* at *2-7. The court only granted requests to seal entire exhibits where it determined that the exhibit did not pertain to a motion or legal issue pending in the litigation. *See id.*

3

Here, Defendants seek to seal Exhibit D in its entirety and propose no redactions. Defs.' Mot. to Seal at 1. Upon review, most of the information contained in the Agreement does not appear to be the type of competitively sensitive or proprietary business information that must ordinarily be kept under seal. In fact, the only specific confidential information Defendants highlight in their Motion to Seal are "performance fees for DJ Envy" and other "deal terms." *Id.* Moreover, Exhibit D is relevant, at minimum, to issues of personal jurisdiction raised in Defendants's Motion to Dismiss the Amended Complaint currently pending before this Court. *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Am. Compl. at 13-14, ECF No. 43. Accordingly, the Court concludes that Defendants's request is not narrowly tailored to the higher values Defendants seek to invoke here. *Lugosch*, 435 F.3d at 124. Defendants's request is therefore denied.

The Court will nonetheless consider specific, narrowly tailored redactions to Exhibit D. Any such request shall be supported by citation to authority granting the redaction of similar information. The Court will temporarily maintain Exhibit D under seal until Defendants have had the opportunity to propose more narrowly tailored redactions and the Court has resolved any such requests.

### CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that the Motion to Seal is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF No. 44.

SO ORDERED.

Dated: May 5, 2025
      New York, New York

DALE E. HO
United States District Judge

4